UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 3:16-CV-787-TBR

BOBB COLLEY, et. al,                                                                  PLAINTIFFS

v.

MAVERICK TRANSPORTATION, LLC, et. al.,                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon motion by Defendants for a protective order. [DN 16.] Plaintiffs have responded, [DN 17], and Defendants have replied. [DN 18.] This matter is ripe for adjudication. For the following reasons, **IT IS HEREBY ORDERED** that Defendants' motion is **DENIED.**

## I. Background

This case arises out of a tractor-trailer accident, which occurred in the parking lot of a Pilot Travel Center in Bullitt County, Kentucky. [DN 16-2, at 1.] Defendant Terrance Mack, ("Mack"), collided with another tractor-trailer while attempting to park there. [*Id.*] The impact pushed this second tractor-trailer into the tractor-trailer of Plaintiff Bobby Colley ("Colley"). [*Id.* at 1-2.] Colley allegedly suffered injury as a result of the collision. Defendant Maverick Transportation, LLC, ("Maverick"), has admitted liability in the matter. [*Id.* at 2.] In essence, it has conceded that Mack was a Maverick employee acting within the scope of his employment when he acted as a substantial factor in causing the wreck which allegedly caused Colley injury. [*See generally id.*] As a result of this concession, Defendants "wish to be relieved of the requirement that Maverick's employees testify at deposition[s]…." [*Id.* at 2.]

1

Plaintiffs have requested to take four depositions: first, Plaintiffs wish to depose Mack. Second, Plaintiffs wish to depose Maverick Dispatcher James Hoag ("Hoag"); third, Maverick's company Supervisor Monica Garrett ("Garrett"); finally, a Maverick corporate representative. [DN 17, at 2.] Pursuant to the Magistrate Judge's Order, Defendants have been directed to produce Mack for a deposition. [DN 15.] Thus, the remaining controversy surrounds Plaintiffs' ability to depose the other three individuals listed above.

## II. Legal Standard

As explained in Federal Rule of Civil Procedure 26(b)(1), "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." This requires a consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Crucially, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Ultimately, the Federal Rules of Civil Procedure provide for broad discovery, and what the "[t]he scope of discovery is, of course, [is] within the broad discretion of the trial court." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

In seeking a protective order, the movant must present to the court "good cause" as to why such an order is needed. Possible reasons include protecting the movant "from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c)(1). Finally, "[t]he burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2011) (citing *General Dynamics Corp. v. Selb Mfg. Co.*,

481 F.2d 1204, 1212 (8th Cir. 1973)). Pursuant to *Nix*, in order "[t]o show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.*

### III. Discussion

Defendants' primary argument in support of the instant motion is that, due to the fact that they have admitted liability with respect to the tractor-trailer accident, any depositions Plaintiffs wish to take of Hoag, Garrett, and/or a Corporate Representative of Maverick should be precluded by order of this Court. Specifically, Defendants argue that, under Rule 26(c), good cause exists for this Court to prevent these depositions from taking place. This "good cause," as explained by Defendants, is the fact that "Plaintiff has no need for any of th[e] information [these witnesses could provide] because liability is admitted." [DN 16-2, at 5.] Defendants contend that "the only issue that remains in dispute in this case concerns medical causation and damages." [*Id.*]

However, Defendants must produce more than "conclusory statements" in order to carry their burden of establishing good cause. *See Nix*, 11 F. App'x at 500. The Court will deal with each of Defendants' arguments in turn. First, with respect to Defendants' admission of liability, *i.e.*, "that Mr. Mack was acting in the course and scope of his employment and that he was negligent and that his negligence was a substantial contributing factor in causing the collision." [DN 16-2, at 5.] This is certainly relevant to the question of whether, or how much, discovery is warranted going forward. As Defendants correctly point out, "narrowing disputes to the essential disputed issues is the primary function of stipulations." *Leuhsler v. C.I.R.*, 963 F.2d 907, 911 (6th Cir. 1992). Even so, it appears that the issue of the *degree* of Maverick's liability has not been resolved. Stated another way, while Defendants have admitted to liability, Plaintiffs have

made known their intention to seek, if possible, punitive damages based upon theories of gross negligence and/or wantonness. [*See* DN 17, at 3.] Plaintiffs have further hinted at theories of negligent hiring, training and supervision. [*Id.*] As such, a general admission of liability does not completely relieve Defendants of their duty under the Federal Rules of Civil Procedure to produce any other discovery. Obviously, one of the primary rationales for Defendants' argument is to avoid any "undue burden or expense" from having to prepare for and defend these depositions when, as Defendants see it, no additional important information could be gathered from them. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party from…undue burden or expense.").

However, the Sixth Circuit has expressly held that "'[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 908 (6th Cir. 2009) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). Thus, for the Court to foreclose Plaintiffs' ability to depose the aforementioned individuals, Defendants were required to show such extraordinary circumstances regarding why such an order is warranted. And while Defendants essentially contend that their admission of liability is sufficient here, the Court is not persuaded. It is true that, in some circumstances, the resolution of this issue would render further depositions unnecessary and unduly cumulative, thereby exposing Defendants to undue burden or expense. However, Plaintiffs have made known their intentions to seek punitive damages. [*See* DN 17, at 3-4.] As such, the Court has determined that there remain unresolved issues such that Defendants' admission of liability for general negligence is insufficient, standing alone, to prevent these depositions from taking place.

Defendants' second argument is that "[t]he proposed discovery is not reasonably calculated to lead to the discovery of admissible evidence regarding punitive damages." [DN 16-2, at 6.] In support of this argument, Defendants cite to *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) for the proposition that "discovery has limits and…these limits grow more formidable as the showing of need decreases…[and] even very slight inconveniences may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." The Court agrees with this sentiment, but remains disinclined to reach the conclusion that the depositions of key individuals with knowledge of the collision at issue "cannot benefit" the Plaintiffs in this case. Such a finding at this juncture would be merely speculative. Moreover, while Defendants admit liability, thus reducing the need for additional discovery, this Court has already made clear that Plaintiffs' desired inroads searching for potential gross negligence and/or wantonness on the part of Defendants keeps Plaintiffs' need sufficiently substantial as to overcome any "slight inconveniences" which Defendants may suffer by making available a company dispatcher, supervisor and corporate representative for depositions. Indeed, Plaintiffs' counsel has even noted that all three depositions could be completed on two consecutive days. [*See* DN 17, at 11.]

Defendants' next argument concerning the need for discovery requests to be "proportional to the needs of the case" does not apply to this case. Plaintiffs' requests to depose (1) the dispatcher with whom Mack talked immediately before the collision; (2) a company supervisor who *also* "had direct contact with Defendant Mack during the time leading up to and immediately preceding the collision;" and (3) a corporate representative of the company, certainly seem to the Court to fall well within the realm of what is "proportional" to the needs of the instant case. Each of the first two individuals had direct contact with the defendant driver

leading up to the collision that is the subject of this lawsuit. Their testimony could provide support for Plaintiffs' punitive damages claim or, in the alternative, could foreclose that possibility altogether. The Court finds that their depositions could be reasonably calculated to lead to the discovery of admissible evidence, and fits squarely within the "needs" of the case.

## IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for a protective order [DN 16] is **DENIED.**

**IT IS SO ORDERED.**

cc: Counsel of Record